Robert TUSZKIEWICZ, Plaintiff,

v.

ALLEN-BRADLEY COMPANY, INC., Defendant.

No. 96–C–110.

United States District Court, E.D. Wisconsin.

March 31, 1997.

Alan C. Olson & Associates by Alan C. Olson, New Berlin, WI, for plaintiff.

Quarles & Brady by Robert H. Duffy and Pamela M. Ploor, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Robert Tuszkiewicz, a former technical writer at the Allen–Bradley Company, Inc. ["Allen–Bradley"], filed suit against Allen– Bradley on January 30, 1996, claiming that his former employer discriminated against

him in violation of the Americans with Disabilities Act of 1990, Pub.L. No. 101–336, 104 Stat. 327 (codified in scattered sections of 42 U.S.C. and 47 U.S.C.). Presently before the court is the plaintiff's motion for an order compelling the completion of the deposition testimony of Bruce Krenzke, pursuant to Rule 37(a)(2)(A), Federal Rules of Civil Procedure.

On December 16, 1996, the plaintiff's attorney, Alan Olson, began his scheduled deposition of Mr. Krenzke, who has been employed by Allen–Bradley as a technical writer and a senior technical writer since 1984. Pamela Ploor, an attorney for Allen–Bradley, was also present at the deposition. Aware that Ms. Ploor intended to assert a corporate attorney-client privilege pursuant to *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), Mr. Olsen asked Mr. Krenzke whether his previous communications with Ms. Ploor were related to Mr. Krenzke's corporate duties, whether Ms. Ploor instructed Mr. Krenzke that the communications were for the purpose of obtaining legal advice for Allen–Bradley, and whether she told him that these communications were confidential. Ms. Ploor objected to these questions, asserting the attorney-client privilege and instructing Mr. Krenzke not to answer. The two attorneys then met off the record, but could not resolve the dispute.

Mr. Olson attached a portion of the transcript from Mr. Krentze's deposition to his motion to compel. Here are a few excerpts:

Q: During the communication with Attorney Ploor, were you instructed that the meeting was for the purpose of obtaining legal advice for Allen–Bradley?

Ms. Ploor: Objection. Instruct the witness not to answer on the grounds of attorney-client privilege communications.

Mr. Olson: How can I establish whether the privilege exists if I'm not allowed to satisfy or inquire as to the standards set forth in the Upjohn case?

Ms. Ploor: Well, if you want, you can do it in a motion to compel, because I'm asserting the objection right now.

. . . .

Mr. Olson: I'm not—I'm not asking for specific communications. I'm asking for categories of information. If I ask specific questions, I presume that that is going to go into the nature of the specific questions, and that's going to be objectionable because you're asserting the attorney-client privilege. So how do I determine whether the privilege exists in the first place unless I go through the factors?

Ms. Ploor: I think you stated your objection on the record; I made mine. If you want to move forward with this, you can file a motion to · compel. This is just harassment by you. There is nothing that you will get from that attorney-client privilege in this lawsuit. This is just harassment.

The party asserting an attorney-client privilege has the burden of proving the factual predicates to the privilege. *United States v. White*, 950 F.2d 426, 430 (7th Cir.1991). Although there are no blanket rules to determine whether communications between an attorney and an employee of the attorney's client are privileged, *see Upjohn*, 449 U.S. at 396–97, 101 S.Ct. at 686, the principle behind the privilege is to encourage "the communication of relevant information by employees of the client to attorneys seeking to render legal advice to the client corporation," *Upjohn*, 449 U.S. at 392, 101 S.Ct. at 684. Among the factors that the *Upjohn* court found dispositive in declaring that the privilege existed are that the corporation's employees made the communications at the behest of corporate superiors in order to secure legal advice, that information not available from upper-level management was needed, that the communications were within the employees' corporate duties, and that the employees knew that they were being questioned so that the corporation could obtain legal advice. *Upjohn*, 449 U.S. at 394, 101 S.Ct. at 685.

■ In response to Mr. Olson's subsequent motion to compel, Ms. Ploor submitted Mr. Krentze's affidavit in which he states that he understood his discussions with Ms. Ploor to be confidential and that the human resources manager at Allen–Bradley told him to meet with Ms. Ploor. Moreover, he states

in the affidavit that Ms. Ploor told him that the communications were privileged attorney-client discussions and that the purpose of the communications was to give Mr. Krentze legal advice concerning his upcoming deposition. Ms. Ploor also submitted her own affidavit, in which she states that she needed to meet with Mr. Krentze in order to prepare him for his deposition and to obtain information that she could use in giving legal advice to Allen–Bradley. She also stated that only Mr. Krentze could provide the information that she needed. In his reply, Mr. Olson states: "These non-substantive foundation questions Attorney Ploor instructed Krentze *not to answer* during deposition are the very same questions that Attorney Ploor has *now answered* in Krenzke's filed affidavit" and that "Attorney Ploor now produces the requested information only after she forced the plaintiff to expend significant resources to bring this Motion to Compel" (emphasis in original).

It appears from Mr. Olson's reply brief that the defendant's response and accompanying affidavits answered the questions that were the subject of his motion and that he does not intend to pursue the question of the privilege. Even if he does, however, I find that the defendant has met its burden of proving the necessary facts for the assertion of the attorney-client privilege. Ms. Ploor's communications with Mr. Krentze not only allowed her, as Allen–Bradley's counsel, to receive unique information that would enable her to give legal advice to Allen–Bradley, but it also allowed her to give legal advice to Mr. Krentze, as an agent of Allen–Bradley. Furthermore, it has now been established that Mr. Krenzke spoke with Ms. Ploor at the request of Allen–Bradley's human resources manager and that he believed that such communications were privileged and confidential. Therefore, the plaintiff may not ask questions of Mr. Krenzke regarding his communications with Ms. Ploor.

Mr. Olson, however, also asks the court to award the plaintiff the reasonable expenses, including attorney's fees, that he incurred in making the motion, pursuant to Rule 37(a)(4)(A), Federal Rules of Civil Procedure. Rule 37(a)(4)(A) provides that "if the disclosure or requested discovery is provided after the motion was filed, the court, shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them," to pay such reasonable expenses. Ms. Ploor had an opportunity to respond to this request in her response brief, but failed to do so. In fact, she did not address at all the question of why she refused to provide this foundational question at the deposition, despite the fact that it was her burden to do so. She merely argues that "[p]laintiff's counsel's foundation questions ask for privileged communications and if answered, Allen–Bradley risks waiving the privilege," but at the same time her response and the attached affidavits answer the foundation questions.

Therefore, IT IS ORDERED that the plaintiff's motion to compel the completion of the deposition testimony of Bruce Krenzke be and hereby is denied.

IT IS ALSO ORDERED that Allen–Bradley be and hereby is directed to pay reasonable expenses to the plaintiff, including attorneys' fees, for the plaintiff's having been obliged to bring the motion to compel completion of Mr. Krenzke's deposition testimony.